Case: 1:25-cv-00005 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 1/2/2025
Description: Pro Se Gen. Civ. (F-DECK)

# UNITED STATES DISTRICT COURT

District of Columbia 333 Independence Ave NW Washington, DC 20001

**Jesse Wall, Plaintiff**

v.

**Richard Lee Matthews Jr, Roxann Kerr Esq. Defendant(s)**

Case No.

## COMPLAINT FOR MALICIOUS PROSECUTION

**Plaintiff Jesse Wall**, brings this Complaint against **Defendant Richard Lee Matthews Jr, Roxann Kerr Esq.** and alleges as follows:

## I. INTRODUCTION

1. This is an action for malicious prosecution arising out of the baseless and wrongful initiation of legal proceedings by the Defendant against the Plaintiff, causing significant harm to Plaintiff's reputation, finances, and emotional well-being, and physical wellbeing. It is not harassment to seek justice, nor participate in legal process where justice is owed.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under **28 U.S.C. § 1332 (Diversity Jurisdiction)** because:
   a. Plaintiff is a citizen of WALL, and District of Columbia.
   b. Defendant is a citizen of North Carolina.
   c. The amount in controversy exceeds $75,000, exclusive of interest and costs.
3. Venue is proper under **28 U.S.C. § 1391(b)** because the events giving rise to this action occurred in this judicial district.

RECEIVED
JAN 0 2 2025
Clerk, U.S. District & Bankruptcy

## III. PARTIES

4. Plaintiff, Jesse Wall, is an individual residing in Washington, DC, and assigned to John August Wall and US treaty forever.
5. Defendant, Richard Lee Matthews Jr, is an individual residing in Belmont, North Carolina, as indicated on court paperwork, 2023CPO001844, and 2023CAB000376.

## IV. FACTUAL ALLEGATIONS

6. On or about May 23, 2023, Defendant initiated legal proceedings against Plaintiff in DC Superior Court, alleging 05/01/2023 "threats" and 09/05/2021 "misdemeanor sex assault" on 2023CPO001500 on default entry.
7. **Plaintiff due process was violated during 05/23/2023, not allowed to defense.**
8. **Plaintiff asserted rights to due process.**
9. **Plaintiff sought dismissal of 2023CPO001500, for false allegations, perjury, due process violations, and retaliation.**
10. **Plaintiff was charged with violating a 2023CPO001500 which was made under alleged malicious prosecution, and found by court statement that 2023CPO001500 was retaliatory.**
11. **Plaintiff was coerced into plea by threat of future harm "You gon die"**
12. Defendant lacked probable cause to initiate or continue the legal proceedings against Plaintiff. No threats made, no misdemeanor sex assault as stated by defendant, during trial 2023CPO001844. Meaning, malice, and harmful intent, where defendant was under oath where malicious allegations were made.
13. Plaintiff was in hotel where Defendant was absent, on 09/05/2021 when alleged sex assault happened.
14. The false allegations are alleged felonious perjury, in Plaintiffs false arrest and detainment, suffering.
15. Plaintiff was in hotel on 09/05/2021 not where Defendant claimed in open court during 2023CPO001844 trial (06/09/2023, 06/30/2023, 07/14/2023) that no assault happened as listed on 2023CPO001500 when alleged incident took place.
16. No evidence of threats ever entered as exhibits.

17. Defendant acted with malice, intending to harm Plaintiff by wrongfully subjecting them to litigation, false arrests, false imprisonment, duress plea, physical attack, and constitutional rights violations.
18. Plaintiff is Foreign Representative, of non-US country, where criminal jurisdiction could not be imposed by the receiving state DC.
19. Plaintiff alleges this was made malice to cover up Defendant rape of Plaintiff as police report MPD DC SAU 23-112609 Karla Oranchak recording, and Plaintiff testimony in court match about incident.
20. Defendant testimony about such incident is not credible as to Karla Oranchak explanation of rape, and sex assault.
21. Defendant testimony about Plaintiff in Defendants home alone is not credible to evidence.
22. Defendant gave offer of keys, electronic entry, and concierge full key service to Plaintiff with implied consent of entry to Defendants home, not credible to Defendant's testimony.
23. On Sept 2024, the legal proceedings against Plaintiff were initiated with partial judge, and where knowingly, and willingly the negligent orders enforced.
24. FTCA actions are in place against the government agencies, for the negligence and other civil rights violations. US OPM administrative claim sent.
25. FTCA actions have been initiated, by Plaintiff, and US has lost immunity to law suit by no response to SF-95 claims, forcing judicial determinations in favor of Plaintiff, where not dismissed as frivolous. 1:23-cv-03342-ABJ US District Court DC.
26. FTCA case where US lost immunity to suit, 1:24-cv-03621 due to Defendants malice, and false allegations.
27. Judge Renee Raymond found that the 2023CPO001500 was made in retaliation as court stated 05/26/2023 on 2023CPO001844 motion to reinstate hearing.
28. Judge Renee Raymond was who granted initial malicious, false, and retaliatory 2023CPO001500 on May 2023.
29. Judge Raymond rescinded her act by statement about Defendant, "So it is retaliatory"
30. Judge Renee Raymond stated that the retaliation was a defense to the 2023CPO001500, which was shown motion to reinstate 2023CPO001844.
31. Judge Renee Raymond noted the diversity jurisdiction, in her denied TPO because parties were out of state.
32. Defendants Attorney Roxann Kerr did not rescind false testimony of her client, in civil court.

33. Roxann Kerr was listed as contact for alleged malicious and known by her the false allegations the 2023CPO001500, and 2023CPO001844 where professional character should have ordered withdrawn 2023CPO001500 for false allegations.
34. Plaintiff made known to point out the false allegations, at all times.
35. 23-110DC Laura Crane will grant to Plaintiff where shown Defendant made false allegations, immunities are to be observed of Plaintiff, and manifest injustice occurred, granting to favor Plaintiff, where Brady Rule, lawyer incompetence, and constitutional rights were absconded to Plaintiff, presumed favorable, outcome.
36. The outcome favorable of this to the Plaintiff in relief would dismiss the pending criminal charges, as the finding of malicious by evidence would demand sua sponte dismissal of frivolous, and false allegations via the fact less entry, and no probable cause of 2023CPO001500.
37. A judge concluded that a First Amendment retaliation claim should survive due to the lack of arguable probable cause.
38. As a direct and proximate result of Defendant's actions, Plaintiff has suffered:
    a. Loss of reputation.
    b. Emotional distress.
    c. Financial harm, including legal fees and other expenses.
    d. Homelessness because of the false allegations.
    f. Physical harm
    g. Increased anxiety

## V. CLAIM FOR RELIEF: MALICIOUS PROSECUTION

11. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.
12. Special Damages In New York, the final element of malicious prosecution is special damages. Pursuant to the New York Court of Appeals ruling in Engel v. CBS, Inc., 93 N.Y.2d 195, 204 (1999), special damages can only be shown if the result of the prior proceeding interfered with the malicious prosecution plaintiff's freedom (e.g., arrest), property (e.g., attachment), or other similarly dire consequence. Thus, the Engel Court made clear that something far beyond "the physical, psychological or financial demands of defending a lawsuit" is necessary to support a claim for malicious prosecution. Thus, based upon Engel, New York County Commercial Division Justice Shirley Kornreich held, in Strumpf v. Asdourian, No. 110141-2006, 2006 N.Y. Misc. LEXIS 3976, at *10 (Sup. Ct. N.Y. County, Dec. 12, 2006), that a malicious prosecution plaintiff had put forward special damages sufficient to defeat a motion to dismiss. False allegations of sex crimes, paid counsel, due

process interference, and partial judges, with no probable cause, where pro se, medicated for anxiety, and a lawyer that did not seek exculpatory evidence that merit here is reason to not dismiss. Due to lack of probable cause, and Defendant's testimony that no sex assault happened as incident claims on his sworn 2023CPO001500 default entry, survival with judge statement of retaliation allows such action. In our presence the Plaintiff is subject to no funds or counsel provided in Civil Court to halt or dismiss the false allegations of the Defendant and his counsel. The partiality of judges, and negligence of due process, and duress, put Plaintiff where dire consequences have transpired on Plaintiff and special damages may be imposed, to balance such corruption, and perjury.
13. Defendant intentionally and maliciously initiated or continued legal proceedings against Plaintiff without probable cause.
14. The legal proceedings terminated in Plaintiff's favor. Special circumstances apply and Judge Raymond did state for court that 2023CPO001500 was retaliatory.
15. Defendant's conduct caused Plaintiff to suffer damages, including but not limited to emotional distress, financial loss, and harm to reputation.
16. Defendant's actions were willful, wanton, and malicious, justifying an award of punitive damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant as follows:

a. Compensatory damages in an amount to be determined at trial more than $75,000.00

b. Punitive damages in an amount to deter similar conduct.

c. Pre- and post-judgment interest as allowed by law.

d. Contempt be found of Defendant and his counsel civilly, and criminally where false allegations were used to intimidate Plaintiff, and both Defendant and counsel be in contempt of rules of court for obstruction of justice and other actions.

e. Attorneys' fees and costs.

f. Criminal charges in pursuit of justice on Defendant entered, sua sponte.

g. Such other and further relief as this Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** 1/2/2025
**Respectfully Submitted,**

Jesse Michael Wall pro se
Homeless
Washington, DC 20037
202-983-2570
drjwall.dc@gmail.com

**Roxan A. Kerr, Esq.**
The Law Offices of RA Kerr, PLLC
1301 K Street, NW
Suite 300W
Washington, DC 20005
202 702 0121
rkerr@rakerrlaw.com

Richard Lee Matthews Jr
7056 Duncan Acres Drive
Belmont, NC 28012
Rmatthews87@gmail.com